# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Petition for Warrant for Offender on Supervision

Name: Cameron James Glenn  Docket Number: 3:22-CR-00230-1

Name of Current Judicial Officer: Honorable Eli J. Richardson, U. S. District Judge

Name of Sentencing Judicial Officer: Honorable W. Keith Watkins, Chief U. S. District Judge, MDAL

Date of Original Sentence: January 25, 2018

Original Offense:   18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence:   48 months' custody followed by three years' supervised release

Type of Supervision: Supervised Release  Date Supervision Commenced: December 17, 2021

Assistant U.S. Attorney: Brent Hannafan  Defense Attorney: To Be Determined

---

## PETITIONING THE COURT

☐ To Issue a Summons
☒ To Issue a Warrant
☐ To Consider Additional Violations\Information

---

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☒ The Issuance of a Warrant
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

| | |
|---|---|
| Considered, this 6th day of July, 2022, and made part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted this 6th day of July, 2022. |
| *Eli Richardson* | *[signature]* |
| Honorable Eli J. Richardson<br>United States District Judge | Jeffrey Schmidt<br>U.S. Probation Officer |
| | Place: Nashville, TN |

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **You must refrain from any unlawful use of a controlled substances.** |

On June 16, 2022, Mr. Glenn submitted a drug test that was positive for marijuana/THC and cocaine. He admitted to using a marijuana/THC edible approximately two weeks prior to the drug test. He admitted to not knowingly using cocaine.

| | |
|---|---|
| 2. | **You must not commit another federal, state or local crime.** |

On June 23, 2022, warrants were issued by the Metropolitan Nashville Police Department (MNPD) for Domestic Assault (two counts) and for Interfering with a 911 Call. Mr. Glenn has not been arrested as of the date of this writing. Circumstances surrounding the incident are as follows:

On June 23, 2022, MNPD was dispatched to Mr. Glenn's address following a domestic assault incident. Mr. Glenn had left the scene before MNPD arrival. The victim, Mr. Glenn's girlfriend and mother of his children, stated that there was a verbal argument between her and Mr. Glenn inside the residence. The victim advised that she stepped outside onto the porch to stop the incident from escalating; however, Mr. Glenn followed her outside. Mr. Glenn then grabbed her and started striking her with a closed fist. Mr. Glenn stopped striking her at some point and went inside the residence. The victim then walked over to the sidewalk and attempted to call the police. Mr. Glenn then stepped back outside and stated, "if you call the police, I will kill you." The victim advised MNPD that this placed her in fear, and she ended the call before speaking to dispatch. Mr. Glenn then approached the victim, and started another physical altercation on the sidewalk, where he hit her again. Mr. Glenn stopped at some point and left in a gold Nissan. One of Mr. Glenn and the victim's children witnessed the assault that occurred on the sidewalk. Dispatch advised that they received a 911 call at 2:46 a.m. with an open line. The victim was observed to have a swollen cheek.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Glenn began his term of supervised release on December 17, 2021, and he is due to terminate supervision on December 16, 2024. The Middle District of Tennessee accepted transfer of Mr. Glenn's jurisdiction on July 1, 2022. He lives with his girlfriend, the victim mentioned above, and their children in Nashville, Tennessee. Upon commencement of his supervised release, Mr. Glenn was unemployed until the beginning of February 2022, where he obtained employment with Creation Gardens.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that a warrant be issued for Mr. Glenn, so that he may appear before the Court to answer to the violation behavior outlined above.

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. CAMERON JAMES GLENN CASE NO. 3:22-CR-00230-1

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **Custody:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. § 7B1.4(a)* | No Recommendation |
| **Supervised Release:** | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G § 5D1.2(a)(2)* | No Recommendation |

**Statutory Provisions:** Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

*/s/ Donna Jackson*
Donna Jackson
Supervisory U.S. Probation Officer

```
LF021
REV 05/01
```

# VIOLATION WORKSHEET

1. **Defendant** Cameron James Glenn

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:22CR00230 - 1

3. **District/Office** Middle District of Tennessee-Nashville

4. **Original Sentence Date** 01 / 25 / 2018
                          month   day   year

5. **Original District/Office** Middle District of Alabama
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* 1127 2:17CR00096-1

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| You must refrain from any unlawful use of a controlled substances. | C |
| You must not commit another federal, state or local crime. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — V

10. **Range of Imprisonment** *(see §7B1.4(a))* — 7-13 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Cameron James Glenn

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)  $75.00 Special Assessment        Home Detention           _____

    Other    _____           Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:22-cr-00230   Document 4   Filed 07/07/22   Page 6 of 6 PageID #: 65